CHARLES WEBER *vs.* AMERICAN SILK SPINNING CO.

NOVEMBER 2, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)  *Workmen's Compensation Act.*

Section 12 of Art. II, of the Workmen's Compensation Act provides " (c) for the loss by severance at or above the second joint of two or more fingers, including thumbs or toes, one-half the average weekly wages, earnings or salary of the injured person, but not more than ten dollars, nor less than four dollars a week, for a period of twenty-five weeks. (d) For the loss by severance of at least one phalange of a finger, thumb or toe, one-half the average weekly wages, earnings or salary of the injured person, but not more than ten dollars, nor less than four dollars a week, for a period of twelve weeks."

Petitioner's left hand was injured in such manner that the index finger was amputated between the second and third joints and a small piece of bone from the side of the thumb and pieces of tendons and flesh were severed and the thumb was rendered permanently stiff. The Superior Court held that the injury to the thumb was not the specified injury described in paragraph (c) and made an award under the provisions for specified injuries, paragraph (d), of ten dollars a week for twelve weeks.

*Held,* no error.

*(2)   Workmen's Compensation Act.*

Where there is evidence to support the finding of fact of the Superior Court in a petition under the Workmen's Compensation Act, the court following the rule adopted in *Jillson* v. *Ross*, 38 R. I. 145, and *Gorral* v. *Hamlyn*, 38 R. I. 249, will accept the finding as conclusive.

*(3)   Workmen's Compensation Act.*

In a petition under the Workmen's Compensation Act the court found (12) "That it is not certain either way, whether if said petitioner should resume his said employment or similar employment with a different employer for said employment, he would or would not receive the same amount of wages as the amount received from said respondent employer."

*Held*, that in effect the finding was a declaration by the court of its inability to make a finding, but as the petitioner did not challenge its correctness, it could not furnish the basis of an appeal.

*(4)   Workmen's Compensation Act.*

Section 11 of Article II of the Workmen's Compensation Act is only intended to furnish compensation for loss of earning capacity. Without such loss there is no provision for compensation, although even permanent physical injury may have been suffered and the burden is upon a petitioner to show this loss and with reasonable definiteness, its amount.

PETITION under Cap. 831 of the Public Laws. Heard on appeal of petitioner and appeal dismissed.

BAKER, J. This is an appeal by an employee from a decree entered upon his petition for an award of compensation under Chapter 831 of the Public Laws on account of personal injury sustained in the course of petitioner's employment with the respondent.

Nearly all of the allegations of the petition are admitted by the respondent in its answer. The answer raises issues only as to the extent of the injury, as to the petitioner's incapacity for work, and, dependent upon these two issues, as to the amount of the award.

The testimony, among other things, shows the following facts: The petitioner had for three years and a half been a foreman and overseer in the mill of the respondent; he had had forty-five years' experience in silk manufacture and was skilled in determining by feeling with the hand the quality of silk, both in its raw and in its manufactured state. At the hearing he testified that he was fifty-nine years of age

and was unmarried. As foreman he gave orders to those under him, saw that the machines were kept properly adjusted, and gave out and looked after all of the work. If he personally fixed a machine, it was necessary to use both of his hands in doing it. He always had, however, in the mill, subject to his orders, a second hand competent under his direction to fix the machines. His wages were $31.24 a week. He was injured October 15, 1914, and was taken to the Rhode Island Hospital; but, beyond having his hand bandaged, declined treatment therein and shortly after went to New York for treatment. He returned to Providence early in January, 1915, and in the latter part of February or early in March following the respondent offered the petitioner his former position as foreman at the same wages as before, but the petitioner did not accept the offer and claimed that he was not able to work. It is also in testimony without contradiction that the suggestion was made to the president of the respondent corporation in behalf of the petitioner that the latter would come back as foreman and perform the same work as before, but at less wages. The place was held open for him for several months, but he never returned to it. It also appeared that in this country there are positions in silk factories for only seven foremen. The petitioner testified that he had been unable to work since the accident happened, but did not show that he had tried to do so. There was medical testimony that no reason was apparent from his condition why petitioner on April 22nd, when he was examined, should not do "any kind of ordinary manual labor."

The case was heard June 30, 1915, and a decree was entered the following 7th day of July, awarding the petitioner $382. The reasons of appeal are nine in number.

The finding of fact relative to the extent of the injury, as embodied in paragraph (3) of the decree, is that the petitioner's "left hand was injured in such manner that the index finger thereof was afterwards amputated between the second joint and the third joint, and that a small piece of bone

in the thumb of said hand and pieces of tendons and flesh were lost, and the said thumb has been rendered permanently stiff. That the power of rotating said thumb has not been lost, and the petitioner still has the power of pressing said thumb against the other fingers of his said hand, although said pressure is light and without force. That said thumb has not been amputated or severed, but that a small piece of bone and pieces of tendons and flesh of said thumb have been severed. That the remaining three fingers of said hand were not and are not injured or impaired in any way. That the said hand is a useful and serviceable hand except in the manipulation of small objects."

The petitioner does not in his reasons of appeal question the correctness of these findings of fact as to the character and extent of the injury. He does, however, claim in the third and fourth reasons of appeal that the court erred in finding that under Section 12 of Article II of said chapter the petitioner was entitled to compensation for the loss of one finger only, as provided for in paragraph (d) of said section and also erred in not finding him entitled under paragraph (c) of the same section to compensation for twenty-five weeks. He urges that these are errors of law.

So much of Section 12 as is pertinent to the questions thus raised is as follows. "Sec. 12. In case of the following specified injuries the amounts named in this section shall be paid in addition to all other compensation provided for in this act: . . . (c) For the loss by severance at or above the second joint of two or more fingers, including thumbs, or toes, one-half the average weekly wages, earnings or salary of the injured person, but not more than ten dollars, nor less than four dollars a week, for a period of twenty-five weeks. (d) For the loss by severance of at least one phalange of a finger, thumb, or toe, one-half the average weekly wages, earnings or salary of the injured person, but not more than ten dollars, nor less than four dollars a week, for a period of twelve weeks."

(1)   The question is whether the injury to the thumb can be held to be the loss of the thumb "by severance at or above the second joint." The transcript of testimony shows that "the small piece of bone" was lost from the side of the thumb. The Superior Court held that the injury to the thumb was not the specified injury described in paragraph (c) and made an award under the provisions for specified injuries, paragraph (d), of ten dollars a week for twelve weeks for the "specific injury in the loss by severance of at least one phalange of said index finger." We think that the decree covering this portion of the total award is right and that it is based upon the correct interpretation of the statute. While the thumb was injured, it was not lost by severance. The injury to it was not such as is included in the specific injuries covered by Section 12. The third and fourth reasons of appeal are, therefore, held to be not well founded.

As to the petitioner's incapacity for work as a result of the injury, the decision of the Superior Court as embodied in paragraph (14) of said decree is as follows: "That as a result of said injury said petitioner was totally incapacitated for his said work up to the 1st day of April, A. D. 1915 (said respondent employer making no objection to this date), and that on and after said 1st day of April, A. D. 1915, said petitioner has not been, and is not, either totally or partially incapacitated for work, but from said date, and at present, said petitioner has been able and is able to perform said work and to receive from said respondent employer the same amount of wages as at and before said injury." The words in the paragraph "that on and after said 1st day of April, A. D. 1915, said petitioner has not been and is not either totally or partially incapacitated for work" considered alone might possibly be held to mean that as a result of the injury he was "partially incapacitated" for no kind of work whatever in which he might attempt to engage. But from the relation of these words to the rest of the paragraph it seems reasonable to conclude that the words "partially incapacitated for work" are used in the decree in a restricted

sense and as referring chiefly, if not only, to his former employment as foreman. The words "his said work" occurring earlier and the words "said work" later in the paragraph of the decree refer to the work he was doing as foreman for the respondent. It is the same as if it were said, the petitioner ever since April 1st has been able to perform his work as foreman in respondent's mill and to receive the same amount of wages as at and before the injury, and therefore, he is neither "wholly or partially incapacitated for work." This also seems to be what the court had in mind in announcing its oral decision at the close of the hearing, as appears by the transcript.

The first and second reasons of appeal taken together claim that the foregoing finding of fact is erroneous. The seventh and ninth reasons of appeal may also be taken to refer to the same finding.

Giving the decree the meaning before stated, inasmuch as there is evidence to support the finding of fact of the Superior Court, this court, following the rule of interpretation of the statute adopted in *Jillson* v. *Ross*, 38 R. I. 145, and *Gorral* v. *W. H. Hamlyn & Son*, 38 R. I. 249, will and does accept this finding as conclusive. The first, second, seventh and ninth reasons of appeal, in so far as they relate to this finding, are, therefore, destitute of merit.

(3) In the decree the finding numbered (12) is as follows: "That it is not certain, either way, whether if said petitioner should resume his said employment or similar employment with a different employer for said employment, he would or would not receive the same amount of wages as the amount received from said respondent employer." The eighth reason of appeal is that the court, having so determined, "erred in finding the petitioner was not entitled to compensation after 1st of April, 1915." It may be questioned if the twelfth finding is within the contemplation of the statute in its reference to findings of fact. It is in effect a declaration by the court of its inability to make a finding. The record shows no evidence on the matter of petitioner's

future earnings if employed by persons other than the respondent. At any rate the petitioner does not challenge the correctness of this finding. This being so, it does not appear how he can make it the basis of an appeal. The petitioner seems to overlook the fact that Section 11 of Article II of Chapter 831 is only intended to furnish compensation for loss of earning capacity. Without such loss there is no provision for compensation in the section, although even permanent physical injury may have been suffered, and the burden is upon a petitioner to show this loss and, with reasonable definiteness, its amount.

(4)

In the present case, it appears that the petitioner, while claiming no general impairment of his health and no disability whatever, except such as arises from the injury to the thumb and finger, has neither done nor attempted to do any work since his injury, either in his former position as foreman or in any other way; and, if it be suggested that the offer of the respondent to reëmploy him at the former rate of wages did not necessarily imply permanency of employment, the fact still remains that the petitioner has presented no evidence showing loss of earning capacity or which would enable a court to make an award of compensation for partial incapacity after April 1st. The eighth reason of appeal is accordingly without merit.

The fifth and sixth reasons of appeal and so much of the first reason as charges error in the finding of the decree that the petitioner refused to resume his former employment do not require discussion as there is evidence to support the findings of the court to which they relate. They are accordingly not sustained.

The petitioner's appeal is denied and dismissed; the decree of the Superior Court is affirmed and the case is remanded to the Superior Court for further proceedings.

*Archambault & Archambault,* for petitioner.

*Boss & Barnefield,* for defendant.