216 A.2d 886.

Stanley Trzoniec *vs.* General Controls Co.

FEBRUARY 14, 1966.

Present: Roberts, C. J., Paolino and Joslin, JJ.

JOSLIN, J. This is an appeal from a decree of the workmen's compensation commission denying and dismissing the employee's original petition for total disability compensation and for an "Acknowledgement of acceptance of liability on employer's behalf, by Employers Mutual of Wassau, as Workmens Comp. Liability Carrier."

The material facts are not in dispute. On November 20, 1960 petitioner, a foreman whose weekly salary was $159 and who had been in respondent's employ for thirty-two years, sustained a compensable injury which totally incapacitated him from engaging in any work from the date of his injury until early in January 1961 when he resumed his regular duties. The respondent paid petitioner his regular salary during that period of disability and in addition paid his hospital and medical expenses. While hospitalized his statement was taken by an adjuster employed by respond-

450

ent's insurer who advised him that compensation benefits would not be paid because he was "on salary with the company * * *." No claim for disability benefits was made until the filing of this petition on September 8, 1964 only a few weeks following the termination of petitioner's employment with respondent.

There is neither direct evidence nor any finding by the commission relating to the reasons which motivated respondent to continue petitioner on the payroll for the duration of his incapacity. In these circumstances and in order not to deny the parties the benefits of any reasonable inference which may naturally and logically arise from the undisputed testimony, we have examined the record with a view to ascertaining what probabilities may reasonably flow from the undisputed facts, *Stiness* v. *Brennan,* 51 R. I. 284, *Valente* v. *Bourne Mills,* 77 R. I. 274, and we conclude that respondent intended the wage payments as a gratuity in recognition and appreciation of thirty-two years of continuous service by a key employee. Having drawn the inference, it has the same effect and is as much in the case as if it had been established by testimonial evidence. *Valente* v. *Bourne Mills, supra.*

We come now to the question of whether a grateful employer's payment of regular weekly wages to an employee during his incapacity for work bars recovery of weekly disability benefits.

The answer lies in how we construe the term "earning capacity" as used in the rule first adopted in *Weber* v. *American Silk Spinning Co.,* 38 R. I. 309, and ever since consistently followed. Under the *Weber* rule compensation is awarded only for injuries resulting in a loss or an impairment of earning capacity. The statement of the rule, however, does not assist in determining what we mean by earning capacity. Professor Larson says it is a "theoretical concept." 2 Larson, Workmen's Compensation Law, §57.20,

p. 4. Definitionally, it connotes an ability or a power to earn rather than wages actually received, *United Engineering Co.* v. *Pillsbury,* 92 F. Supp. 898, 901; and in *Dorfman* v. *Rosenthal Ackerman Millinery Co.,* 64 R. I. 498, we recognized the *Pillsbury* definition when we said that an injured worker may have income other than from earnings, and that the profits taken from a business which he conducts or in which he has an interest are not in themselves evidence of his earning power. Moreover, in *Dorfman* we relied on *Federico's Case,* 283 Mass. 430, where the court equated the product of an ability to earn with the monetary result accruing from a reasonable use of a worker's mental and physical powers.

Within these concepts of what constitutes earning capacity it is our judgment that an employee concededly so disabled as to be unable to engage in any gainful employment has neither an ability nor a power to earn. His right to weekly disability benefits should not be denied because he is employed by a sympathetic employer who continues to pay his salary, not with the intention that the payments be in lieu of compensation but intending them as a voluntary gesture of gratitude for past services rendered. 2 Larson, *supra,* §57.34, p. 16; *Allen* v. *Industrial Commission,* 87 Ariz. 56, aff'd 92 Ariz. 357; *O'Neal* v. *Multi-Purpose Mfg. Co.,* 243 Miss. 775. The federal Longshoremen's and Harbor Workers' Compensation Act under which disability benefits are paid only for a loss of earning capacity has been similarly construed. *United Engineering Co.* v. *Pillsbury, supra,* affirmed on other grounds, 187 F.2d 987, 342 U. S. 197.

We turn now to the question of whether petitioner's claim, filed almost four years after he first became entitled to compensation, is barred because it was not filed within the two-year limitation period prescribed by G. L. 1956, §28-35-57, as amended. He says that he relied, to his disadvan-

452

tage, on the representation of the adjuster that he could not receive both compensation and his regular wages for the same period of disability and, citing *Shea* v. *Gamco, Inc.,* 81 R. I. 12, contends that this conduct estops respondent from urging the bar of the statute as a defense to his petition.

In *Shea* we held that the employer was estopped to claim the bar of the statute because the employee had refrained from filing a petition within the statutory period in reliance on the insurer's repeated assurances that she would be told either that her claim would be settled or that she should commence adversary proceedings for its adjudication.

The fact situation here, however, is substantially different. The adjuster who visited petitioner at the hospital with compensation check in hand told him that he could not receive both compensation payments and regular wages. That statement, rather than constituting a *Shea* type of assurance, was instead and in substance a denial of liability. It neither reasonably misled nor lulled petitioner into believing that it would be unnecessary for him to file a claim in order to receive compensation benefits nor did it violate the standards of fair dealing and cooperation between employer and employee to which we referred in *Shea*. 12 Schneider, Workmen's Compensation (perm. ed.), §2376, p. 47. Were we to equate it with the kind of conduct which in law will estop an employer from claiming the benefit of the statute, we would be nullifying by judicial declaration a legislative directive which makes the filing of a petition within a prescribed time an express condition of the right to recover compensation. See *Kenyon* v. *United Electric Rys.,* 51 R. I. 90; *Torek* v. *Butler,* 50 R. I. 347.

The petitioner argues further, however, that his failure to make timely application for benefits should be excused because respondent voluntarily provided him with medical services and continued him on the payroll during his in-

capacity. Those acts, even were we to follow the minority rule under which conduct of that kind will excuse a late filing, would merely toll the limitations period. 2 Larson, *supra*, §78.43(c), p. 272; 12 Schneider, *supra*, §2362, p. 26. The record before us, however, does not disclose that any payment was made or service rendered within two years of the time of the filing of the petitioner's claim and for that reason the question of whether the statute should be tolled is not before us.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Robert C. Hogan*, for petitioner.

*Worrell and Hodge, Eldridge H. Henning*, Jr., for respondent.