John **ARAGAO**

v.

**AMERICAN EMERY WHEEL WORKS.**

No. 79–518–Appeal.

Supreme Court of Rhode Island.

Dec. 23, 1982.

---

Lovett, Morgera, Schefrin & Gallogly, Ltd., Lauren E. Jones, Providence, for appellant.

Eldredge H. Henning, Jr., Providence, for appellee.

## OPINION

**PER CURIAM.**

This case came before the court on an order to show cause why the appeal should not be dismissed. After reviewing the record and hearing arguments of counsel on November 4, 1982, we conclude that cause has not been shown. John Aragao, the employee, appeals from a decree of the Workers' Compensation Commission denying his petition for compensation benefits.

In October of 1968, Aragao was working for American Emery Wheel Works, Inc. (employer). His duties included scooping grain out of drums, weighing the drums, and moving these drums, which weighed between 275 and 400 pounds. On October 28, 1968, he felt a pain in his back and sought medical attention. From October 28, 1968, until July 8, 1974, Aragao did not lose any time from work but he did visit Dr.

Michael Scala regularly. Liberty Mutual, the insurance carrier for the employer, paid all of the medical bills arising from these visits. Mr. Aragao testified that in May of 1974 his back pain became more severe. Beginning on July 9, 1974, he missed two weeks of work because of this increase in pain. He then notified employer's insurance carrier that he was seeking compensation. On October 22, 1974, the insurance carrier denied Aragao's claim for compensation.

On February 10, 1977, Aragao filed his petition for compensation alleging that his injury occurred on October 28, 1968, resulting in his incapacity from work on July 9, 1974 for a period of two weeks. After a hearing the trial commissioner found that the injury sustained by Aragao in 1974 was a recurrence of an original injury sustained in 1968 and thus was compensable. A decree to that effect was entered on April 3, 1978, granting compensation benefits for the recurrence.

The employer appealed the trial commissioner's decision to the appellate commission. In its decision of August 20, 1979, the appellate commission held that the date of Aragao's injury was July 8, 1974. The appellate commission also found that because the petition was not filed until February 10, 1977, it was barred by what was then the two-year statute of limitations. G.L. 1956 § 28–35–57, as amended by P.L. 1960, ch. 94, § 1. On August 24, 1979, the appellate commission entered a decree denying Aragao's petition for benefits. He now appeals from this decree.

The sole issue presented to this court is whether or not the appellate commission erred in denying and dismissing Aragao's petition on the ground that it had not been filed within the two-year statute of limitations.

This court examined a similar question in *Trzoniec v. General Controls, Co.*, 100 R.I. 448, 216 A.2d 886 (1966). In *Trzoniec*, an employer paid an injured employee his regular salary during the period of disability and also paid the employee's hospital and

medical expenses. The employee did not file a petition for compensation until almost four years after the last payment was made by the employer. The Workers' Compensation Commission denied the employee's petition for benefits. The employee appealed alleging, among other things, that the petition should not be barred by the two-year statute of limitations because the employer had paid the employee during his incapacity. This court responded with the following:

> "[E]ven were we to follow the minority rule under which conduct of that kind will excuse a late filing, [those acts] would merely toll the limitations period. The record before us, however, does not disclose that any payment was made or service rendered within two years of the time of the filing of the petitioner's claim and for that reason the question of whether the statute should be tolled is not before us." [Citations omitted]. *Id.* at 453, 216 A.2d at 889.

In *Trzoniec* we decided that an employer's compensation payments,[1] absent an agreement, do not result in a waiver of the statute of limitations. The result of such payments is that the period for filing a claim begins to run from the date of the last payment. *Id.* *Accord*, 3 Larson, *Work-*

men's Compensation Law, § 78.43(a) at 15–111 (1976).

In the present case the employer made his last payment on July 8, 1974. According to the statute of limitations existing at that time, Aragao had until July 8, 1976, to file his petition but instead chose to wait until February 10, 1977. The appellate commission found that the statute of limitations had run and so it dismissed the petition. In light of this court's decision in *Trzoniec*, we are of the opinion that the appellate commission did not err in dismissing Aragao's petition.

We have examined the other contentions put forth by Mr. Aragao and find them to be without merit.

For the reasons stated, Mr. Aragao's appeal is denied and dismissed, the decree appealed from is affirmed, and the papers in this case are remanded to the Workers' Compensation Commission.

---

1. Compensation within the meaning of the workers' compensation statute includes medical payments made by an employer on behalf of its injured employee. *Andreozzi v. D'Antuono*, 113 R.I. 155, 319 A.2d 16 (1974).