Phyllis MORGAN

v.

DAVOL, INC.

No. 80–357–Appeal.

Supreme Court of Rhode Island.

April 26, 1983.

Raul L. Lovett, Providence, for petitioner.

Bernard W. Boyer, Providence, for respondent.

## OPINION

PER CURIAM.

This is a workers' compensation case. It came on to be heard before a panel of this court on an order directed to the employer to show cause why the employee's appeal should not be sustained.

The employee, whose job title was "Trash Attender," sustained a work-related injury on Wednesday, November 23, 1977, when she cut the little finger of her right hand on a razor blade that had somehow found its way into a trash bin. Immediately after being injured, she left work and was treated at a nearby emergency room. She did not work on the following Thursday, Thanksgiving Day, or Friday, a paid holiday, or the Monday or Tuesday of the next week. She returned to work on Wednesday, November 30. The employee testified that her finger was very sore during the time she was out of work.

Her petition was denied by both the trial commissioner and the appellate commission on the grounds that the three-day waiting period prescribed in G.L.1956 (1979 Reenactment) § 28–33–4 means three working days. This statute provides that compensation benefits will only be paid for injuries which "incapacitate the employee for a period of at least three days from earning full wages * * *," but if the incapacity extends

beyond the three-day period, compensation will begin on the fourth day from the date of the injury. We reverse.

Over a quarter of a century ago in *Girard v. United States Rubber Co.*, 85 R.I. 477, 481, 132 A.2d 831, 832 (1957), the court, which was then considering an identical predecessor to § 28–33–4, noted that the three days contemplated by this provision is "a *period* of three consecutive days, on each of which the employee is by reason of his injury unable to earn wages, and that period does not include the day of the injury."

 *Girard* affords no support for the commission's denial of benefits to the employee. *Girard* specifically states that the statutory waiting period consists of three consecutive days during which an employee is unable to earn wages by reason of his or her injury. The court did not say that the period cannot consist of days on which the incapacitated employee is unable to earn wages by reason of those days being paid holidays or Saturday and Sunday.

We have often noted that compensation benefits are awarded for the impairment of earning capacity rather than the injury itself. *Whittaker v. Health-Tex, Inc.*, R.I., 440 A.2d 122 (1982); *Cabral v. Converse Rubber Co.*, 121 R.I. 606, 401 A.2d 1281 (1979). The term "earning capacity" connotes an ability or power to earn rather than wages actually received, or the power or ability to earn income by the application of one's individual talents, be they physical or mental. *Robidoux v. Uniroyal, Inc.*, 116 R.I. 594, 359 A.2d 45 (1976). Because of this concept, an incapacitated employee who has received post-injury payments from an employer equal to his weekly earnings will not be precluded from recovering compensation benefits if the payments were intended as a gratuity and a gesture of appreciation by the employer for past services rendered. *Trzoniec v. General Controls Co.*, 100 R.I. 448, 216 A.2d 886 (1966).

Here, if the commission's actions were to be upheld, an employee who is incapacitated on a Monday would start receiving benefits on Friday, whereas an individual, like the employee now before us, who is injured on a Wednesday would not receive benefits until a week from Thursday. It is clear that the employee now before us was incapable of obtaining any monetary reward for a reasonable use of her mental or physical powers on the final Thursday, Friday, Saturday, Sunday, Monday, and Tuesday of November 1977. Nothing in § 28–33–4 or in *Girard* mandates the calculation of the benefit waiting time solely on the basis of working days. The only criterion to be applied is whether on a given day the employee's earning capacity has been impaired by reason of a work-related injury. If so, it is a day to be included in the calculation of the waiting period, and once the impairment has lasted for three consecutive days, the employee is entitled to benefits from the fourth day on, no matter whether the waiting period fortuitously embraces a holiday or any other day on which an employee would not normally be expected to work.

The employee's appeal is sustained, the decree appealed from is vacated, and the cause is remanded to the Workers' Compensation Commission for further proceedings in accordance with this opinion.

BEVILACQUA, C.J., and SHEA, J., did not participate.