**Merlyn YOUNG**

v.

**GENERAL DYNAMICS.**

**No. 82–399–Appeal.**

Supreme Court of Rhode Island.

June 19, 1985.

Raul L. Lovett, Marc B. Gursky, Lovett Morger Schefrin & Gallogly, Ltd., Providence, for plaintiff; Lauren Jones, Providence, on brief.

Robert J. Quigley, Jr., Harold E. Adams, Higgins Cavanagh & Cooney, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal from a decree of the Workers' Compensation Commission denying the employee's original petition for compensation on the ground that it had not been filed within the statutory period set forth in G.L.1956 (1979 Reenactment) § 28–35–57.[1]

The facts are not in dispute. The petitioner was employed by respondent as a welder. On March 3, 1976, he suffered a back injury. He received benefits under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), commencing on the date of injury and continuing until May 8, 1980, when payments were unilaterally terminated by respondent.

On July 24, 1980, petitioner filed a claim for total disability with the Rhode Island Workers' Compensation Commission. After a hearing before a trial commissioner, wherein counsel for respondent essentially conceded liability and a degree of residual disability, the trial commissioner entered a decree denying the petition because petitioner failed to bring his claim within the three-year time limitation specified in § 28–35–57. The commission affirmed.

The issue before this court is whether payments made by the employer under LHWCA toll the statute of limitations for filing a petition under the Rhode Island Workers' Compensation Act?[2]

The employee contends that successive awards are legal and have been upheld. In addition, he argues, the payment of compensation stays the running of the statute of limitations for the period of the payment, and this principle should apply to the payment of compensation under both federal and state systems. He further asserts that it was error on the commission's part to apply the doctrine of "election of remedies" in a case in which concurrent jurisdiction existed.

The employer argues that the statute of limitations is a "procedural prerequisite" in workers' compensation cases and claims that the payment of compensation in another jurisdiction does not stay the running of the statute of limitations.

It is undisputed that there is concurrent federal and state jurisdiction over this injury. *Sun Ship, Inc. v. Pennsylvania,* 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980). Furthermore, absent double recovery, there is no bar to successive awards under different state compensation systems. *Thomas v. Washington Gas Light Co.,* 448 U.S. 261, 275, 100 S.Ct. 2647, 2658, 65 L.Ed.2d 757, 769 (1980). The commission denied the petition on the ground that the employee failed to elect to file within the limitation period provided by Rhode Island statute. However, we recently stated in *Aragao v. American Emery Wheel Works,* — R.I. —, —, 453 A.2d 762, 764 (1982), that in instances in which there is no agreement, the payment of compensation

---

**1.** General Laws 1956 (1979 Reenactment) § 28–35–57 states in pertinent part:

*"Limitation of claims for compensation* —An employee's claim for compensation under chapters 29 to 38, inclusive, of this title shall be barred unless an agreement or a petition, as provided in this chapter, shall be filed within three (3) years after the occurrence or manifestation of the injury or incapacity * * *."

**2.** Unlike workers' compensation benefits, payments under LHWCA are made voluntarily, without an award or memorandum of agreement. Such payments constitute an admission of liability for compensation and are "made in the voluntary discharge of [that] liability." *Windrem v. Bethlehem Steel Corp.,* 293 F.Supp. 1, 4 (D.N.J.1968).

stays the running of the statute of limitations. The period of limitations begins to run from the last compensation payment, not from the initial date of incapacity. *Id.*

In the case before us the employer conceded liability and made payments without an agreement,[3] consonant with the terms of 33 U.S.C.A. § 914(a) (1978).[4] Voluntary payments of this nature certainly would have stayed the limitation period under the Rhode Island Act. We conclude, therefore, that where there is concurrent jurisdiction between federal and state compensation systems, payments made pursuant to the federal act stay the state limitations period in the same manner as payments made pursuant to the state act.

The federal and state acts confer concurrent jurisdiction and afford complementary remedies. No election-of-remedies problem arises when the remedies are complementary. *Silva v. Silva,* 122 R.I. 178, 183–84, 404 A.2d 829, 832 (1979).

Once the employer makes payments that "constitute an admission that the employee is entitled to compensation," as stated in § 28–35–9, "[t]he result of such payments is that the period for filing a claim begins to run from the date of the last payment." *Aragao v. American Emery Wheel Works,* —— R.I. at ——, 453 A.2d at 764.

We therefore hold that the statute of limitations was tolled at the date of the last LHWCA payment, May 9, 1980, and that the petition filed July 24, 1980, was well within the three-year period set forth in § 28–35–57.

The employee's appeal is sustained, the decree appealed from is vacated, and the case is remanded to the Workers' Compensation Commission for further proceedings in accordance with this opinion.

4. 33 U.S.C.A. 914(a) (1978) states:

"Payment of Compensation—Compensation under this chapter shall be paid periodically, promptly, and directly to the person entitled thereto, without an award, except where liability to pay compensation is controverted by the employer."