DECISION
This matter is before the Court on defendant's Motion to Set Aside Judgment by Default. Defendant, Atlantic Concrete Forms, Inc., ("Atlantic") filed a Motion to Set Aside Entry of Judgment by Default in November 1992. While apparently assigned to other justices of this court, no decision was rendered. As a result, the parties decided to refile the motion for consideration on the motion calendar.
The facts briefly are these:
The parties had a long-standing relationship relating to the formation of a ready mix concrete business in the town of Richmond, Rhode Island, with financing by Citizens Trust Company ("Citizens"). The deal went awry at the end of 1990. The principals, Steven Manni ("Manni"), an owner and officer of Atlantic, and John Aiello ("Aiello"), a principal of Richmond Sand Gravel, Inc. ("Sand Gravel") attempted to work out a solution with Citizens.
Such efforts were futile and on December 3, 1991, Citizens delivered a demand letter to Atlantic claiming that Atlantic owed the venture a total of $113,237.67 for concrete purchased by Atlantic. Atlantic notified Citizens that it held a secured promissory note delivered by the venture in the sum of $79,500 with 10 percent interest per annum, which represented at that time a total obligation of over $100,000 and as such served as a setoff to the demand of Citizens.
In June 1992 Citizens informed Manni that Aiello had offered to satisfy the venture's obligations to Citizens.
Despite ongoing discussions, a complaint was filed sometime in February 1992, with a summons allegedly served upon Atlantic. There are conflicting affidavits about this service. The affidavit of Michael Gabriel represents that he is an employee of Atlantic and that while a constable attempted to deliver papers on Manni in February 1992, no such service took place, nor were "papers" left with him on behalf of Manni. The affidavit of constable Vincent DeFalco, Jr., asserts that he checked with the attorney who had retained him to see if it was proper to serve the "papers" on Mr. Gabriel, as an employee under the provisions of Superior Court Rule 4, and indicated that as a result of such instruction he did hand the said Gabriel a copy of the summons and complaint in this action.
There being no response by Atlantic in this action, an application for Entry of Default was made on or about April 21, 1992.
Default judgment was entered on April 22, 1992. It was subsequently discovered on or about June 30, 1992, by Atlantic. On July 29, 1992, Atlantic moved to set aside the Entry of Default pursuant to Rule 55 (c).
Rule 55 (c) provides:
 Setting Aside Default. For good cause shown the court may set aside an Entry of Default and, if a Judgment by Default has been entered, may likewise set it aside in accordance with Rule 60 (b).
In order to set aside such a Judgment by Default "good cause" must be shown. This includes a plausible excuse for not answering or otherwise pleading to the action as well as a disclosure of a meritorious defense (see Reporters Notes to Superior Court Rule 55 (c)).
Our Supreme Court has stated in Berberian v. Petit,119 R.I. 448 (1977) that as a general rule and in the absence of intervening equities, any doubt should be resolved in favor of the petitioner seeking the removal of said default judgment and thus allowing a trial on the merits.
In Security Pacific Credit v. Lau Kui Jan, 517 A.2d 1035, 1037 (R.I. 1986) our Superior Court stated:
 [I]t appears that a significant body of opinion would support resolving doubts in favor of the removal of the entry of default, particularly in an action where large sums of money are involved in a suit.
The removal of such a default judgment is in the sound discretion of the court.
This Court believes that justice requires that the Court set aside the Judgment by Default against defendant Atlantic and bases its decision on the long-standing relationship of the parties, attempts to resolve this matter short of litigation, the confusion and dispute over service of the summons and complaint, and the fact that defendant Atlantic is alleging a good-faith defense or setoff to plaintiff's claim (the Court takes notice that Citizens has assigned this Judgment by Default to John Aiello who now stands in the place of Citizens in this action against Atlantic.
In addition, this is not a case where there was delay in moving to vacate once the default judgment was ascertained. Atlantic moved to vacate within a month of ascertaining that judgment was entered. This Court believes that this matter should proceed to trial on the merits.
The Judgment by Default against defendant Atlantic Concrete Forms, Inc. is hereby vacated. Counsel shall prepare the appropriate order for entry.