226 A.2d 498.

UNION SMELTING AND REFINING WORKS *vs.*
WILLIE CALHOUN.

FEBRUARY 15, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is an appeal by an employee, herein-

after called the respondent, from a decree of the workmen's compensation commission sustaining the findings of a single commissioner who, after a hearing on an employer's petition for review, found that the respondent's incapacity for work had ended.

It appears from the record that respondent sustained a compensable injury to his back on December 19, 1962 while employed by petitioner as a truck driver and loader. A consent decree was entered August 12, 1963, by the terms of which respondent was awarded compensation for total incapacity from April 22, 1963 through June 30, 1963 and for partial incapacity thereafter based on an average weekly wage of $87.42.

The instant petition to review that decree was filed November 21, 1963 and a hearing was held thereon at which the only evidence adduced was respondent's testimony, a copy of the consent decree and the reports of two doctors.

The respondent, called by petitioner, testified as follows: "Q. How do you feel now, sir? A. Well, the way I feel now, pretty good. I feel all right now. Q. Do you have any leg or back pain? A. No. Q. Do you feel you are able to do your regular work? A. Well, the way I feel now? Yes. Q. And, have you felt this well for some time? A. Yeah. Quite a while. Q. More than a couple of months as a matter of fact? A. Yes. Q. And, you would be willing to try your regular work? A. Yes. Q. To do your regular work now? A. Yeah. Q. You are willing? A. Yeah."

Under questioning by his own attorney respondent testified in substance that he had not returned to his regular work on the advice of his doctor, who recommended that he wait because prematurely returning to the heavy lifting and bending he had been doing could bring on a recurrence of total incapacity. He also testified that he had been attempting to obtain light work but was unsuccessful.

Doctor Gian-Fortunat Hoessly, respondent's attending physician, stated in his report that he had made an excel-

lent recovery but should not attempt the work that he had been formerly doing, commenting in detail on the arduous nature of respondent's regular work.

Doctor Theodore K. Gibson, petitioner's examining physician, submitted a report stating that he believed respondent had no residuals from his back injury and could do most any work but should refrain from arduous jobs requiring heavy lifting or frequent bending.

The single commissioner, construed respondent's candid testimony that he felt all right as evidence of complete recovery and observed: "The theory behind workmen's compensation is only to award compensation during a period of incapacity and is not in the nature of health insurance. Granted that the respondent may have another injury if he attempts to do heavy work, there is no reason why the petitioner should continue to pay compensation to him for an earlier injury from which he has fully recovered." He found that respondent was no longer incapacitated in whole or in part and that his earning capacity had returned.

These findings, together with an order suspending compensation for partial incapacity, were included in a decree from which respondent appealed to the full commission. It affirmed the single commissioner's findings, but entered its own decree containing the additional finding that respondent was able "to return to his regular work, which consisted of loading, unloading and driving trucks."

It is readily apparent from the record that the full commission made its additional finding for the reason that there is no evidence of any other work which respondent might obtain that would enable him to earn his average weekly wage of $87.42. The additional finding is significant therefore because incapacity for work resulting from a compensable injury is the inability, by reason of such injury, to earn an amount equal to or in excess of the average weekly wage specified in the decree or preliminary

agreement establishing incapacity. See *Scialo* v. *Luisi,* 91 R. I. 86, *Brown & Sharpe Mfg. Co.* v. *Dean,* 89 R. I. 108, *Stillwater Worsted Mills, Inc.* v. *Beal,* 89 R. I. 34, *D'Iorio* v. *U. S. Rubber Co.,* 88 R. I. 369, and *Trotta* v. *Brown & Sharpe Mfg. Co.,* 86 R. I. 247.

The question before us then is whether there is competent evidence from which the commission could make its finding that respondent was capable of returning to his regular work. We think there is none.

While of course it is true that an injured employee's testimony, that he does not feel capable of returning to work because of pain, fatigue or other subjective symptoms, has such probative force as the trier of fact may give it when in conflict with medical opinion based on objective symptoms, it does not follow that an injured employee's sense of well-being constitutes competent evidence to be weighed against medical opinions that his condition is such that he should not attempt a specified type of labor, or for that matter any work at all in a proper case.

A convalescent may have a general sense of well-being and feel that he has fully recovered from his illness or injury, but he can only surmise or guess at his ability to return to any type of work. It is for the expertise of medical science to evaluate his readiness to resume work and it would be foolhardy for anyone recovering from an impairment of health to wager his guess against the opinions of doctors who had examined him. Thus we think that the respondent's testimony as to how he felt lacked competency on the issue of his ability to return to his work.

In its decision the full commission stated, "In this case the respondent himself testified that in his opinion he could do his regular work at the present time. Such an unequivocal statement is more persuasive in deciding the issue of incapacity than the medical opinions of fear of re-injury in the future, a risk to which all workers are subject."

This observation is in keeping with that of the single commissioner to the effect that workmen's compensation benefits are not in the nature of health insurance. Both statements misconceive the fixed rights of an employee who has been found to have sustained a work-connected injury by reason of which he is unable to earn, in whole or in part, a sum equal to or in excess of his average weekly wage. This inability to earn constitutes incapacity and such incapacity does not end until on competent evidence it can be said that his ability to earn his average weekly wage has returned.

There being no competent evidence in the instant record to support a finding that the respondent can return to the only proven work at which he can earn his average weekly wage of $87.42, it was error for the commission to make a finding to the contrary.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Boss, Conlan, Keenan & Rice, Donald Shea,* for petitioner.

*Abedon, Michaelson, Stanzler and Biener, Richard A. Skolnik,* for respondent.