254 A.2d 79.

NORMAN C. ALLISON *vs.* DOALL PROVIDENCE CO., INC.

JUNE 3, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J.   This is an employee's appeal from a final decree of the workmen's compensation commission which denied him compensation benefits for the period subsequent to December 12, 1967.

The petitioner was employed by respondent as a salesman of industrial supplies and machine tools.  His job required him to call upon various industrial plants, exhibit his products, and furnish any potential customer the literature descriptive of his products.  He used a two-door sedan to call upon his customers.  Part of his equipment was a bag which, when filled with literature and the catalogs which listed the numerous items he sold, weighed about 25 pounds.  The petitioner's usual routine was, after parking his car near the customer's place of business, to reach over into the rear of the car and pull the bag which was

resting on the floor up and over the front seat and then to carry the bag into the customer's premises.

In late June 1967, petitioner began to experience a feeling of numbness in his lower extremities. Later this sensation extended itself into his hands and knees. In mid July his handwriting deteriorated to such a degree that it was noticed by his supervisor. In August, employee consulted with a general practitioner who referred him to a neurosurgeon. The petitioner was admitted to the John E. Fogarty Memorial Hospital on August 23, 1967. There he underwent a series of tests including a myelogram. The surgeon then came to the conclusion that his patient's complaints were being caused by a compression of the spinal cord in the cervical area. On September 14, 1967 surgery was performed. Then it was discovered that there was a protrusion of an anterior cervical intervertebral disc. The surgeon was unable to remove the disc because of its location. He did, however, correct the impingement on the cervical cord. The petitioner made an excellent recovery.

The commission awarded petitioner total incapacity benefits from August 23, 1967, to October 15, 1967, and benefits for partial incapacity from October 16, 1967, to December 12, 1967. The sole issue in this appeal is whether the commission erred in not granting partial incapacity benefits for a period beyond December 12, 1967. It must be kept in mind as we consider this appeal that it is elemental law that the burden of proving the injury and loss of earning capacity rests upon the party alleging them in a workmen's compensation proceeding. In addition, an employee who seeks workmen's compensation must establish the amount of such loss with a reasonable degree of certainty. See *Enos* v. *Abrasive Machine Tool Co.*, 84 R. I. 454, 125 A.2d 111; *Wareham* v. *United States Rubber Co.*, 73 R. I. 207, 54 A.2d 372.

We believe it appropriate to view certain chronological

aspects of this cause. The employee filed the instant petition on September 6, 1967 while he was a patient at the hospital. Surgery was performed on September 14, 1967. Almost two weeks later on September 27, 1967, petitioner was discharged from the hospital. The petitioner testified before the trial commissioner on October 10, 1967. He informed the trial commissioner that he no longer worked for respondent as he had received a phone call while in the hospital which informed him that his services were no longer required. He stated that there was a ready market for a man of his ability and that, once he was permitted to drive, he would get around to job interviews. He further informed the commissioner that his surgeon had prohibited him from operating an automobile for a period of two months commencing on the day he left the hospital. He returned to the witness stand at a later hearing held on December 12, 1967 and told the trial commissioner that he had been looking for a job and that he was physically able to resume his selling activities. He qualified this answer by saying that he did not intend to carry another 25-pound bag but added "There is no other company that I know of in the industry which has a bag required for a salesman to carry that approaches the weight of the one I formerly carried * * *."

The neurosurgeon appeared as a witness before the single commissioner on October 24, 1967. He stated that, as of that date, his patient could perform any task that did not require work with the upper limbs. He stated that petitioner's total incapacity had ceased on or about October 15, 1967; that it would be about another month before petitioner could drive; and that it takes a good three or four months before an incision made during an operation is completely healed.

Certainly, the inference drawn by the commissioner from the testimony of the surgeon and his patient to the effect

that petitioner could, as of December 12, 1967, resume his former occupation, was reasonable. It seems clear that petitioner could once again have been calling upon customers unimpeded by the 25-pound satchel which, by his own words, was unique to respondent. The commission's finding that petitioner was no longer incapacitated after December 12, 1967, is based on competent evidence and may not be disturbed by us. See *Dziekiewicz* v. *George Arpin & Sons, Inc.*, 105 R. I. 549, 254 A.2d 76.

In an attempt to salvage this cause, the petitioner refers us to the case of *Union Smelting and Refining Works* v. *Calhoun*, 101 R. I. 655, 226 A.2d 498. There Calhoun testified that he felt well enough to return to his regular work. Medical testimony, however, said that Calhoun's health would be imperiled should he resume his former arduous occupation. We held that an employee's sense of well-being must give way in the face of competent medical evidence that he should not attempt a specified type of work. Here, however, there is no conflict between the testimony of the petitioner and his physician. *Calhoun* is inapposite and offers no help to the petitioner.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the workmen's compensation commission.

*Raul L. Lovett*, for petitioner.

*Charles H. Anderson*, for respondent.