Joseph A. BAGAGLIA, Jr.

v.

BUD INDUSTRIES.

No. 80-304-Appeal.

Supreme Court of Rhode Island.

Dec. 24, 1981.

2. The rate of interest is set forth in the promissory note.

Anthony E. Grilli, Providence, for petitioner.

Eldridge H. Henning, Jr., and JoAnne McTiernan, Providence, for respondent.

## OPINION

MURRAY, Justice.

This is an employee's original petition for benefits under the Workers' Compensation Act seeking compensation for total incapacity.

The facts are not in dispute. Joseph A. Bagaglia, Jr. (employee), was employed by Bud Industries (employer), as an electrician rewiring electrical circuits for control panels in mobile vans as part of the process of converting them for use by paraplegics. On April 27, 1979, the employee sustained an injury while drilling a hole for some wires: the drill became stuck and as he pulled on it, his head "whacked" with great force against the rear door of the van. The employee felt pain, screamed, became dizzy and came close to losing consciousness. A fellow employee took the employee to Kent County Hospital where he was examined and given medication for his pain. He returned to work later that same day and was told "to just sit down and relax for the rest of the day and then go home." Apparently the employee's injury occurred on a Friday.

On Monday morning, after a weekend of taking the medication prescribed for him, the employee's headaches not only persisted but had become so severe that he sought additional medical attention, this time at the Pawtuxet Valley Emergency Room. A doctor at the emergency room prescribed medication for the headaches and evidently gave the employee a note concerning his condition which the employee gave to his employer before going home. He did not return to work after April 27, 1979.

On July 17, 1979, the employee filed the instant petition seeking compensation benefits for total incapacity[1] from April 28, 1979, to "the undeterminable future." At the hearing on the petition before the trial commissioner on September 19, 1979, the employee testified about the injury he had sustained and the various medical treatments he had obtained for the persistent headaches he experienced thereafter. He testified that although he was still experiencing the headaches, at the time of the hearing they were no longer so severe or so frequent as they had been.

Doctor J. Wallace Conklin, a neurologist, testified at the hearing that he first examined the employee on July 23, 1979. The doctor testified that, based upon the employee's description of his injury and his complaints concerning his headaches, his opinion was that the employee had been totally incapacitated for work from April 27, 1979, the date of his injury, until he returned to work at another job as a salesman in September 1979.

At the conclusion of the hearing, the trial commissioner found that the employee did sustain a compensable head injury on April 27, 1979, and that as a result of his injuries, the employee became totally incapacitated for work from July 23, 1979, until September 24, 1979, at which time he became partially incapacitated—although he no longer suffered any loss of earning capacity as of September 24, 1979. A decree was subsequently entered on January 2, 1980, which in pertinent part required the employer to pay the employee benefits for total disability from July 23, 1979, until September 24, 1979, and compensation for partial incapacity from September 24, 1979, on.

---

1. In his petition, the employee also sought medical benefits and dependency benefits for one dependent child.

Both parties appealed to the appellate commission from the decree entered by the trial commissioner. Before the appellate commission, the employer claimed that the trial commissioner erred in awarding compensation for partial incapacity after September 24, 1979, in view of the fact that the trial commissioner had found that the employee was earning an average weekly wage greater than that which he had earned at the time of his injury.[2] As grounds for his appeal, the employee argued that the trial commissioner erred in failing to award compensation benefits from April 27, 1979, the date the employee sustained his injury, to July 23, 1979.

The appellate commission in its decision denying the employee's appeal stated:

"The [employee's] reasons of appeal, other than the general reasons of appeal, are to the effect that the trial commissioner erred in his failure to award any benefits from the date of the injury, April 27, 1979 to July 23, 1979. We have reviewed the transcript and it is our opinion that the trial commissioner did not err in failing to award compensation benefits for that period. It is our opinion that the [employee] failed to establish any incapacity for that period as flowing from and as a result of the injury sustained on April 27, 1979."

The commission entered a final decree on May 5, 1980, in which it found that the employee did sustain a compensable injury on April 27, 1979, and that the employee was totally incapacitated for work from July 23, 1979, to September 24, 1979, when the employee returned to work and began earning wages in excess of what he had been earning at the time of his injury. The decree thus required the employer to pay compensation benefits for total incapacity from July 23, 1979, to September 24, 1979.

The employee has appealed to this court from the decree entered by the appellate commission. The sole issue he has briefed and argued before us is that the appellate commission erred in finding that the employee had failed to establish that he was incapacitated for work between the date of his injury, April 27, 1979, and July 23, 1979, the date he was first examined by Dr. Conklin.

The employee contends that there was competent evidence adduced at the hearing before the trial commissioner by his own testimony and that of Dr. Conklin to establish that he was totally incapacitated for work by reason of the head injury he sustained on April 27, 1979. He argues that there was nothing inherently improbable about the testimony adduced at the hearing concerning his incapacity for work between April 27, 1979, and July 23, 1979, and that the commission made no finding in its decision that such testimony was not credible. The employee thus asserts that in the absence of any reason given by the commission for its decision, the commission either overlooked or misconceived material evidence, failed to give that evidence the legal effect to which it was entitled, or arbitrarily rejected that evidence.

When an appeal is made to this court, we review the decree entered by the appellate commission. See *Albert Zabbo & Sons, Inc. v. Zabbo*, R.I., 404 A.2d 487, 488 (1979). The difficulty in our reviewing the appellate commission's decree here, in light of the employee's challenge, is that the decree contains no findings of fact to support the commission's decision that the employee failed to establish any incapacity for work from April 27, 1979, to July 23, 1979.

Our review of the record of the hearing before the trial commissioner indicates that there was evidence adduced that the employee sustained a compensable injury on April 27, 1979. Additionally, there was testimony by both the employee and Dr. Conklin which, if found to be credible, established that the employee's incapacity for

2. The appellate commission in its decision found that the trial commissioner had erred in awarding compensation benefits for partial disability after September 24, 1979, when the employee's average weekly wage was greater than that which he received at the time of his injury. The commission sustained the employer's appeal and amended the trial commissioner's decree accordingly.

work began on April 27, 1979, and continued until September 24, 1979.

The appellate commission obviously accepted the employee's and the doctor's testimony as that testimony related to the employee's incapacity after July 23, 1979, but gave no reason for choosing not to give the same effect to such testimony for the period between April 27, 1979, and July 23, 1979.

■ It is well established in this jurisdiction that matters of factfinding are vested exclusively by the Legislature in the Workers' Compensation Commission. *St. Laurent v. Kaiser Aluminum & Chemical Corp.*, 113 R.I. 10, 14, 316 A.2d 504, 506 (1974); *Hebblewaite v. Powers*, 101 R.I. 347, 348, 223 A.2d 442, 443 (1966). *See also, Albert Zabbo & Sons, Inc. v. Zabbo*, R.I., 404 A.2d at 489; *Teschner v. Horan*, 118 R.I. 237, 242, 373 A.2d 173, 175 (1977); *Ryan v. Grinnell Corp.*, 117 R.I. 14, 19, 362 A.2d 127, 130–31 (1976).

■ Since the appellate commission made no findings of fact in support of its conclusion that the employee had failed to establish incapacity for work between the dates in question, we are unable to exercise properly our appellate review of the decree to determine whether the commission simply overlooked the evidence concerning the employee's incapacity during the period, rejected the employee's testimony because his testimony was not found to be credible, or found that the employee's testimony was inherently improbable in light of other facts adduced at the hearing. Accordingly, we must remand this case to the appellate commission with directions for it to enter a new decree containing sufficient findings of fact underlying its denial of the employee's claim of total incapacity from April 27, 1979, to July 23, 1979.

The employee's appeal is sustained. The decree appealed from is vacated, and the case is remanded to the Workers' Compensation Commission for further proceedings consistent with this opinion.