Vincent **TORTORELLA**

v.

**CRANSTON PUBLIC SCHOOLS.**

No. 86–88–M.P.

Supreme Court of Rhode Island.

Dec. 17, 1987.

Raul L. Lovett, Marc B. Gursky, Providence, for plaintiff.

Robert K. Argentieri, Carroll, Kelly & Murphy, Providence, for defendant.

## OPINION

SHEA, Justice.

This workers' compensation case comes before us on the employee's petition for certiorari to review a final decree of the Workers' Compensation Commission which held that the employee had failed to prove a recurrence of incapacity. For the reasons stated below, we vacate the decree and remand the case to the Workers' Compensation Commission for reconsideration.

On October 29, 1984, employee filed a petition to review an earlier decree dated June 5, 1981, claiming that total disability had returned because of a worsening of his condition. The earlier decree awarded compensation for total disability from January 30 to February 11 and March 7 to April 18, 1980, and partial-disability compensation from April 19 to July 3, 1980, plus dependency benefits, for an injury suffered while employee was working as a painter for the Cranston School Department. At the initial hearing to determine disability, the attending physician testified that employee had suffered an injury to his back and right foot on January 29, 1980; that the two injuries were separate injuries suffered in the same incident; and that each injury alone was causing total disability. The trial commissioner found, however, that only the injury to the foot resulted from the incident at work and that employee had not proven that he suffered a back injury in the incident. The appellate commission affirmed, and a petition for certiorari to this court was denied.

At the hearing on the petition to review, the same attending physician testified in support of employee's claim. He testified, as he did in the first case, that the original injuries were to the right foot and to the back and that each condition was still causing total disability. Moreover, he did testify that employee's condition had become worse, that "he can't sustain weight bearing for such a long period, and the arch supports prescribed have helped, but he is still unable to walk far and/or sustain prolonged weight bearing." On cross-examination the physician acknowledged that he was of the opinion that employee was totally disabled when the first decree was entered and he believed employee was still totally disabled. The employee testified that his condition had deteriorated. He complained of a worsening of the condition in his right foot and problems with his back, right leg, and left foot. He said he had no feeling in his right foot and that he was not capable of returning to his duties as a painter.

The trial commissioner made note of the fact that the attending physician continued to be of the opinion that employee suffered from both the back and the foot problem and that the physician had always considered employee to be totally incapacitated. The commissioner noted also that the physician had testified that employee's condition had worsened from the time of the entry of the first decree and had further testified to the factors that he had noted on examination that indicated a worsening of the problem.

In his decision the commissioner stated that he was only considering the foot inju-

ry because that was the only injury described in the original decree. He stated that the physician's testimony was equivocal. The commissioner concluded that employee's back problem was causing the greatest difficulty, adding that he did not "believe that the petitioner's right foot problem is any worse than it was at the time the doctor testified in support of the previous petition." The trial commissioner simply did not believe employee and his physician.

The only issue in this case was whether there was a return of incapacity. "[T]he employee must present competent evidence establishing that an incapacity for work had recurred after the suspension decree and that the recurrence of incapacity was causally related to the original and previously compensated injury." *Faria v. Carol Cable Co.*, 527 A.2d 641, 643 (R.I.1987); *Martinez v. Bar-Tan Manufacturing Co.*, 521 A.2d 134, 139–40 (R.I.1987); *Coletta v. Leviton Manufacturing Co.*, 437 A.2d 1380, 1383 (R.I.1981).

The appellate commission, with one commissioner dissenting, after reviewing the record, found that there was no "evidence to show a comparison of the condition of the petitioner 'before and after'" the date of October 20, 1980.

Initially we would point out that the date of October 20, 1980, is not correct because that is the date of the attending physician's initial examination. The correct reference date, on this record, for showing a change in condition would be June 5, 1981, the date of the original decree that awarded compensation for fixed periods. To prove a recurrence of disability, employee would have the burden of proving a return of incapacity after June 5, 1981. *See Belanger v. Weaving Corporation of America*, 120 R.I. 348, 387 A.2d 692 (1978), and *Ryan v. Grinnell Corp.*, 117 R.I. 14, 362 A.2d 127 (1976).

The appellate commission also said that no evidence existed to show a comparison of the employee's condition over time, yet the record reflects that the attending physician testified that the employee's condition had deteriorated after June of 1981, and he explained his reasons for that opinion. Copies of the physician's office notes and x-ray reports are in the record as exhibits. The trial commissioner considered that testimony but disregarded it on credibility grounds. The appellate commission, however, made no assessment of the credibility of this evidence but stated erroneously that there was no evidence of change. Although the appellate commission might find that there was no credible evidence of change, it has not done so, and we must therefore, remand the case for its reconsideration.

For these reasons the employee's petition for certiorari is granted, the decree of the Workers' Compensation Commission is quashed, and the papers of this case with our decision endorsed thereon are remanded to the commission for reconsideration of the employee's appeal to the appellate commission.