**C.D. BURNES CO.**

v.

**Theresa M. GUILBAULT.**

**No. 88–45–M.P.**

Supreme Court of Rhode Island.

June 2, 1989.

Charles H. Anderson, Anderson, Anderson & Zangari, Providence, for plaintiff.

Raul L. Lovett, Marc B. Gursky, Lovett, Schefrin & Gallogly, Ltd., Providence, for defendant.

## OPINION

SHEA, Justice.

This workers' compensation case comes before us on the employer's petition for certiorari to review a decision of the workers' compensation appellate commission finding that the employer had failed to prove by a fair preponderance of the evidence that the employee's incapacity had changed.

On July 24, 1984, the workers' compensation commission entered a decree finding that Theresa Guilbault (employee) had sustained back injuries while in the employ of C. D. Burnes Co. (employer) and was totally incapacitated from work from March 8, 1984, to June 3, 1984, and partially incapacitated from June 4, 1984, and continuing. The employer filed a claim of appeal resulting in a consent decree entered on February 14, 1985. This decree essentially made the same findings as the June 1984 decree. On August 19, 1985, employer filed a petition to review that decree, alleging that employee's incapacity had ended.

In his decision, dated May 8, 1986, the trial commissioner found that there had been a change in employee's condition and that she was no longer disabled. The trial commissioner based his decision on the depositions and medical reports of Dr. Edward Spindell, who, testifying on behalf of employer, examined employee on July 12, 1984, January 10, 1985, and August 6, 1985; and Dr. Stanley Stutz, an impartial examiner appointed by the trial commissioner, who examined employee on February 12, 1986. In essence, both doctors were of the opinion that employee was no longer disabled. The commissioner declined to discuss the testimony of employee's doctor, Dr. Federico Catucci, who examined employee on September 26, 1984, December 7, 1984, March 25, 1985, May 31, 1985, July 1, 1985, and October 2, 1985. In his October report Dr. Catucci stated, "[s]he has been improving steadily and at one time even resumed light work. * * * She is advised to continue with light occupational activities or to engage in such activities in consideration of the fact that she was laid off [sic]."

From the decree terminating disability payments, employee appealed to the appellate commission. On January 15, 1988, the appellate commission reversed the decision of the trial commissioner, finding that employer had failed to prove a change in employee's disability. The commission noted that the consent decree of February

1985 determined that employee became partially disabled as of June 4, 1984. However, all the examinations submitted into evidence occurred after June 4, 1984. The commission reasoned that because none of the doctors had firsthand knowledge of, or had been presented with a hypothetical question establishing, employee's condition prior to June 4, 1984, their testimony alone was not comparative and therefore was not competent to establish a change in employee's capacity to work. The appellate commission focused on the February 1985 decree establishing employee's total and partial incapacity.[1] This appeal stems from the May 1986 decision, which determined that employer was no longer disabled at all. Despite this oversight on the part of the commission, the issue in this petition for writ of certiorari remains the same: whether employer failed to prove a change in employee's condition sufficient to support a finding that disability had ended, in accordance with Rhode Island case law.

■ General Laws 1956 (1986 Reenactment) § 28–35–45 grants the authority to either an employer or an employee to petition for a review of a compensation decree on the grounds that an employee's incapacity has diminished, ended, increased, or returned. The workers' compensation commission may modify or terminate payments accordingly. The petitioning party bears the burden of proving the essential elements of the claim by competent evidence. *Faria v. Carol Cable Co.*, 527 A.2d 641, 643 (R.I.1987)(citing *Coletta v. Leviton Manufacturing Co.*, 437 A.2d 1380, 1383

(R. I.1981), and *Soprano Construction Co. v. Maia*, 431 A.2d 1223, 1225 (R.I.1981)).

The employee asserts that because employer only provided evidence of employee's condition after the establishment of her partial incapacity on June 4, 1984, the evidence is not comparative and therefore is not competent evidence of a change in her condition. The employer argues that when an employer presents evidence that disability has ended, there is no need for comparative evidence. It contends that because the trial commissioner found there is competent medical evidence that disability no longer exists, the trial commissioner's findings should be upheld. We agree.

In *Martinez v. Bar–Tan Manufacturing*, 521 A.2d 134 (R.I.1987), in which an employee petitioned to show a recurrence of his work-related injury, we held that "to prove a recurrence, the petitioner must document the alleged change by presenting an expert witness who compares the employee's previous condition at the time when benefits were terminated with the employee's present condition and consequently renders an opinion that the incapacity has recurred." *Id.* at 139–40. (citing *Belanger v. Weaving Corp. of America*, 120 R.I. 348, 351, 387 A.2d 692, 694 (1978), and *Ryan v. Grinnell Corp.*, 117 R.I. 14, 17, 362 A.2d 127, 129 (1976)). Similarly, in *Faria*, 527 A.2d at 643, we stated that

"because a recurrence of incapacity is a relative condition representing a deterioration of the capacity that existed at the time of the suspension decree, proferred evidence, if it is to be deemed competent

1. The appellate commission based its decision on the following argument by employee:
"The decree is against the law and the evidence in that the Trial Commissioner failed to [recognize] the standard set forth in *James I. Ryan vs Grinnell Corp*, 117 RI 14, 362 A.2d 127 (1976) inasmuch as Dr. Spindell testified that the employee was in the same condition on the three (3) times he examined her, namely; July, 1984, January, 1985, August 1985. The employer's petition to review reviews a decree in 8[4]–2124 which was entered February 14, 1985; therefore, the employer has not shown a change in the employee's condition inasmuch as Dr. Spindell testified her condition was the same before and after the entry of that decree."

Nevertheless, it based its conclusion on entirely different factors (summarized above).

The employee is asserting that Dr. Spindell's testimony does not show a change in her condition because the doctor made the same findings before and after the February 1985 decree. That decree awarded total and partial disability, contrary to Dr. Spindell's opinion. However, we have held that such consistent testimony, even though it is contrary to the findings of a prior decree, is admissible and sufficient to support the commissioner's findings if it is supported by evidence of a change in an employee's physical condition since the prior decree. *See Ryan v. Grinnell Corp.*, 117 R.I. 14, 20, 362 A.2d 127, 131 (1976).

evidence of a recurring incapacity, must demonstrate that the employee's condition at the time of the alleged recurrence was worse than the employee's condition at the time of the suspension decree."

In addition to the aforementioned situation, wherein an employee alleges a recurrence of incapacity, we have also required comparative evidence of an employee's increase in incapacity. *Belanger v. Weaving Corp. of America*, 120 R.I. 348, 387 A.2d 692 (1978). Comparative evidence would also be required in a situation in which an employer alleges a decrease in incapacity, for the same reasons set out in *Martinez.*

"To make the comparison inherent in rendering an opinion that an employee's present condition represents a change, the expert obviously must possess knowledge of the employee's prior capacity for work. * * * Accordingly, it is the established rule of this jurisdiction that an expert witness possessing no knowledge of the employee's prior condition and testifying solely to the employee's present condition is not competent to render an opinion that the employee's incapacity for work has recurred." 521 A.2d at 140.

However, the situation before us is distinguishable. The employer does not assert that employee's condition has improved from total to partial disability. Such a claim would require knowledge of the prior condition to gauge how much of an improvement the employee has experienced. Similarly, an employee's claim of recurrence or of increased incapacity requires a showing of the relation between the original injury and the recurrence or increased incapacity. These claims of a change in condition require a comparison of the shades of gray in the realm of "disability." But a claim that disability has ended is a comparison between black and white: disability versus no disability. The employer is asserting that employee's incapacity has ended. This does not require a comparison of employee's present condition to her past condition or knowledge of prior

disability but only knowledge of present ability to work.

The integrity of the prior decree is not jeopardized by this distinction. We have held that a consent agreement between the parties has the full force and effect of a decree and is res judicata. *See Belanger*, 120 R.I. at 350, 387 A.2d at 693. *See also Faria*, 527 A.2d at 644. However, when an employer alleges that disability has ended, prior matters settled in the consent decree will not be relitigated because the employer does not question the validity of the prior decree but merely contends an end of the prior incapacity.

The employee objects to the use of different burdens of proof in an employee's and an employer's petition for review. She argues that an employee must always provide comparative evidence of a change in working capacity whereas an employer who alleges total recovery need only provide one medical exam evidencing total recovery.

Both an employee and an employer must present competent medical evidence to prove the claim set forth in the petition to review. *Faria*, 527 A.2d at 643 (citing *Coletta v. Leviton Manufacturing Co.*, 437 A.2d at 1383 and *Soprano Construction Co. v. Maia*, 431 A.2d at 1225). An employer who asserts complete recovery must provide credible and competent medical evidence that the employee is no longer disabled and is able to return to work. The evidence needed to prove total recovery does differ from the evidence needed to prove partial recovery, recurrence, or increased incapacity. This discrepancy does not work an injustice on the employee. It would be unjust and arbitrary to require evidence that is not necessary to prove that disability has ended.

When reviewing the commission's decision, this court determines if there is competent legal evidence supporting the commission's findings, leaving the findings of fact to the province of the commission. *DeNardo v. Fairmount Foundries Cranston, Inc.*, 121 R.I. 440, 399 A.2d 1229 (1979). We hold that the trial commission-

er need not base a decision of total recovery on comparative evidence. The trial commissioner based his finding that disability had ended on the medical reports of the impartial medical examiner and the employer's medical examiner. That decision was based upon a determination of the credibility of medical witnesses and could not be overturned by the appellate commission, unless found by the appellate commission to be clearly wrong, which was not the finding here. *Hicks v. Vennerbeck & Clase Co.*, 525 A.2d 37 (R.I.1987).

For the reasons stated, the petition for certiorari is granted, the decree of the appellate commission is quashed, and the papers of the case are remanded to the appellate commission with our decision endorsed thereon.