SIEBE NORTON, INC.

v.

Marcello MEROLLI.

No. 89–84–M.P.

Supreme Court of Rhode Island.

April 9, 1990.

Marc Gursky, Providence, for plaintiff.

Michael J. Feeney, Marc McKenney, Higgins, Cavanagh & Cooney, Providence, for defendant.

## OPINION

FAY, Chief Justice.

This case comes before the Supreme Court on the petition for certiorari of Siebe Norton, Inc. (employer), to review a final decree of the Workers' Compensation Appellate Commission (appellate commission) finding that the employer had failed to prove by a fair preponderance of the evidence that the employee's incapacity had ended. The facts relevant to our review are as follows.

On October 12, 1983, Marcello Merolli (employee) injured his lower back in the course of his employment. Pursuant to a memorandum of agreement executed on the following day, employee received disability benefits from his employer. Sometime in 1985 employer petitioned to terminate benefits, alleging that employee's incapacity had ended. However, on March 17, 1986, the petition was denied.

In February 1987 employer again petitioned to terminate employee's benefits. At the hearing before the Workers' Compensation Commission employer submitted an affidavit and report of Dr. A. Louis Mariorenzi. In the report the doctor indicated that after having examined employee on three occasions, it was his opinion that employee was capable of returning to his former type of employment without restrictions or limitations. In opposition employee introduced the deposition of Dr. Joseph A. Izzi, which indicated that in his opinion employee remained incapacitated by reason of a bulging disc. The trial commissioner found Dr. Mariorenzi's report more thorough and informative, however, and thus chose to rely on the opinions expressed therein. Accordingly he held that employer had proved by a fair preponderance of the evidence that employee was no longer disabled in total or in part from the work-related injury and that he could return to his former job duties without the same being injurious to his health. Therefore, he ordered that employer could suspend payment of benefits.

The employee appealed this decree to the appellate commission, citing nine reasons of appeal. The appellate commission sustained employee's appeal, holding that employer had failed to prove by a fair preponderance of the evidence that employee was no longer disabled. Specifically the commission held that our decision in *Martinez v. Bar–Tan Manufacturing*, 521 A.2d 134 (R.I.1987), required that employer produce comparative medical evidence to establish an improvement in employee's condition. The commission noted that "the report of the employer's examining physician, although referencing two exams conducted prior to the decree under review, did not compare the conditions." Therefore, the commission held, the record did not reflect the foundation necessary to establish a change in employee's condition. Consequently, the commission vacated the decree of the trial commissioner and ordered employer to continue to pay compensation as provided under the memorandum of agreement. Thereafter employer filed a petition for a writ of certiorari with this court. We issued the writ on March 23, 1989.

 Subsequent to the decision of the appellate commission, we addressed precisely this same issue in *C.D. Burnes Co. v. Guilbault*, 559 A.2d 637 (R.I.1989). In *Guilbault* we held that although comparative evidence is required when an employee claims a recurrence of incapacity or an increased incapacity, or when an employer alleges a decrease in incapacity from total to partial disability, it is not required when an employer asserts that the employee's incapacity has ended entirely. In attempting to prove such a claim, the employer need only provide competent medical evidence indicating the employee's present ability to work. *Id.* at 640.

In the case at bar employer met this burden by submitting the affidavit and report of Dr. Mariorenzi. It then became the duty of the trial commissioner to make a determination based upon the credibility of the medical witnesses and the evidence submitted. In making his determination the

trial commissioner chose to rely on the opinion of Dr. Mariorenzi rather than on the opinion of Dr. Izzi because he found Dr. Mariorenzi's report more informative and thorough and, consequently, more credible. Hence, the trial commissioner concluded that employer had proved by a fair preponderance of the evidence that employee was no longer disabled.

This determination should not have been overturned by the appellate commission unless it was found by the appellate commission to be clearly wrong. *Hicks v. Vennerbeck & Clase Co.*, 525 A.2d 37 (R.I.1987). Such was not the case here, and for this reason the appellate commission erred in vacating the decree of the trial commissioner.

Nonetheless, before the appellate commission the employee asserted nine reasons of appeal. In vacating the decree of the trial commissioner, the appellate commission addressed only one of these reasons. Therefore, we believe it is necessary to remand this case to the appellate commission for consideration of the remaining eight reasons.

For the reasons stated, the petition for certiorari is granted, the decree of the appellate commission is quashed, and the case is remanded to the appellate commission for further proceedings consistent with this opinion.

KELLEHER, J., did not participate.