**Richard REYNOLDS**

v.

**KENNEY MANUFACTURING COMPANY.**

**No. 94–233–M.P.**

Supreme Court of Rhode Island.

April 17, 1996.

Steven A. Robinson, Providence, for Plaintiff.

Dennis R. Gannon, Francis T. Connor, Warwick, for Defendant.

## OPINION

WEISBERGER, Chief Justice.

This case comes before us on a petition for certiorari filed by Richard Reynolds (employee or Reynolds) to review a final decree of the Appellate Division of the Workers' Compensation Court (appellate division) affirming the denial and dismissal of the employee's petition for workers' compensation benefits. We grant the petition for certiorari and quash the decree of the appellate division. The facts insofar as pertinent to this petition are as follows.

On October 23, 1986, employee injured his back while attempting to lift a box that weighed one hundred pounds in the course of his employment with the Kenney Manufacturing Company (Kenney or employer). As a result of that injury employee received workers' compensation benefits for approximately eighteen months. On October 31, 1988, employee's benefits were suspended pursuant to a consent decree based on medical evidence that he no longer suffered a loss of earning capacity and could return to full-time employment.

In January of 1989, Reynolds began employment as a truck driver for General Oil Company (General Oil). At General Oil his duties entailed making home-oil deliveries utilizing a three-and-one-half-inch hose that weighed between fifty and a hundred pounds, making thirty to forty deliveries a day. On April 5, 1991, Reynolds suffered an injury to his lower back and filed an employee's petition to review, alleging that he sustained a recurrence of incapacity on April 6, 1991, and continuing as a result of his original injury of October 23, 1986.

The determinative issue before this court is whether the appellate division erred when it denied and dismissed employee's petition for workers' compensation benefits because of employee's alleged failure to document a comparative change of condition in spite of the language of G.L.1956 § 28–33–20.1(b). In essence, this section of the General Laws relieves an employee of such a burden when his or her claim is based upon a recurrence of incapacity to work.

We are of the opinion that the decision of the appellate division, which is essentially identical to the trial justice's findings of fact, is ambiguous in that the division's determination of a lack of comparative evidence tends to violate the mandate of § 28–33–20.1(b). This section provides as follows:

"(b) For all petitions filed as of September 1, 1990, to prove recurrence of incapacity to work, regardless of the date of injury, the employee must document that the incapacity has increased or returned without the need for the employee to document a comparative change of condition."

Notably the appellate division's decree states in part:

"Notwithstanding R.I.G.L. 28–33–20.1(b) * * * we do believe that the case law as referred to strongly emphasizes that a change must be proven by the employee. We find that as a result of the evidence presented, the employee has failed to

prove the requisite change in condition with supporting medical evidence."

This language in the appellate-division decision leads us to the conclusion that this ambiguity must be resolved. We therefore remand this case to the Appellate Division of the Workers' Compensation Court with direction to resolve the mixed question of fact and law in regard to whether the employee proved by a fair preponderance of the evidence that his disability returned and resulted in his incapacity to work during the period April 19, 1991, to June 3, 1991, and whether he established by a fair preponderance of evidence a partial incapacity commencing June 4, 1991, and continuing. In resolving these questions, the appellate division must obey the mandate of § 28–33–20.1(b) and must therefore not require the employee to introduce evidence of a *comparative change of condition.* This statutory mandate supersedes our prior case law that required such comparative evidence. Thereafter, either party aggrieved by the decision of the appellate division may file a petition for certiorari in this court.

For the reasons stated, the employee's petition for certiorari is granted, the decree of the appellate division is quashed, and we remand the papers to the Workers' Compensation Court with our decision endorsed thereon.

FLANDERS and SHEA, JJ., did not participate.