Carlos VELOSO

v.

SCOTT BRASS, INC.

No. 94–674–M.P.

Supreme Court of Rhode Island.

·July 29, 1996.

Robert S. Thurston, Jones Associates, Providence, for Plaintiff.

Christine A. D'Orsi, Earl Metcalf, Providence, Leonard Cordeiro, East Providence, for Defendant.

**OPINION**

WEISBERGER, Chief Justice.

This case comes before us on a petition for certiorari filed by Carlos Veloso (Veloso or employee) to review a final decree of the Appellate Division of the Workers' Compensation Court (Appellate Division) affirming the denial and dismissal of the employee's petition to review alleging an increase or return of incapacity and his petition seeking payments of unpaid medical bills resulting from a work-related injury. We grant the petition for certiorari and quash the decree of the Appellate Division. The facts insofar as pertinent to this appeal are as follows.

On August 13, 1990, Veloso was employed by Scott Brass, Inc. (Scott Brass or employer), moving metal coils. Veloso's duties included moving small coils weighing from 10 to over 60 pounds by hand and moving larger coils weighing as much as 6,000 pounds with the help of a crane. On that date, while he was punching in his time card, Veloso sustained work-related injuries to his lower back, neck, and ribs when he was assaulted by fellow employees during a factory strike. Veloso received weekly workers' compensation benefits for total disability from August 14, 1990, to November 9, 1990.

Veloso testified that in the summer of 1991 he attempted to return to work at Scott Brass but that the company would not take him back. It was shortly thereafter, in September 1991, that his back condition worsened and he was treated by Edwin Madden, M.D. (Dr. Madden), on September 4, 1991. Veloso had previously been treated by Syed Sayeed, M.D. (Dr. Sayeed), for his original injury, and in the fall of 1991 he consulted Dr. Sayeed again.

Veloso was examined by Dr. Madden on September 4, 1991, who diagnosed "chronic low back strain with bilateral sciatica especially left leg" and noted that Veloso also suffered from a "considerable amount of stiffness in his lower back." Doctor Madden found that Veloso was disabled in terms of performing his regular employment but that he was capable of sedentary work, and he concluded that Veloso's disability was causally related to his August 13, 1990 work-related injury and that he needed "to be involved in a much more active participating rehab program."

Doctor Sayeed testified in his deposition that he began to treat Veloso on November 29, 1990. On October 30, 1991, he found that Veloso experienced "spasm in the lumbar paraspinal muscles" and "limitation of straight leg raising." Doctor Sayeed concluded that Veloso was suffering from lumbar radiculitis, an inflammation of the nerve roots, and that it was causally related to his August 13, 1990 work-related injury. He additionally concluded that Veloso was disabled from performing his usual job as a result of that injury. Doctor Sayeed prescribed physical therapy and rehabilitation exercises and referred Veloso to the Rhode Island Rehabilitation Institute (Rehabilitation Institute). Thereafter, Dr. Sayeed treated Veloso on November 26, 1991, and January 9, February 18, and March 17, 1992, and found that even though physical therapy was helping Veloso during this time, employee remained disabled as a result of his work-related injury of August 13, 1990. The doctor concluded that the office visits and physical therapy at the Rehabilitation Institute were necessary to cure, to rehabilitate, and to relieve employee of the effects of that injury.

On December 16, 1991, and March 9, 1992, Veloso filed an employee's petition to review alleging a return of incapacity (petition WCC 92–183) and a petition to review alleging nonpayment of necessary medical services (petition WCC 92–3126), respectively. On September 24, 1992, in a decision consolidating these matters, the trial judge denied and dismissed both of Veloso's petitions and entered a final decree. Veloso appealed, and the Appellate Division affirmed those denials in a final decree dated October 28, 1992. Veloso then petitioned this court for a writ of certiorari, which was issued on March 31, 1995.

The paramount issue before this court is whether the Appellate Division erred when it denied and dismissed Veloso's petition to review alleging a return of incapacity as of September 4, 1991, due to Veloso's alleged failure to document a comparative change in condition in spite of the language of G.L.1956 § 28–33–20.1(b). We are of the opinion that the Appellate Division misconstrued and misapplied the plain and unambiguous mandate of § 28–33–20.1(b) when it ruled that Veloso must show a comparative change of condition.

Section 28–33–20.1(b) provides: "For all petitions filed as of September 1, 1990, to prove recurrence of incapacity to work, regardless of the date of injury, the employee must document that the incapacity has increased or returned *without the need for the employee to document a comparative change of condition.*" (Emphasis added.)

The Appellate Division seemed aware of and even recognized the plain and unambiguous language of § 28–33–20.1(b) but chose nonetheless to hold that a comparative change of condition had to be shown by Veloso in order to prove a return of incapacity. Notably the Appellate Division's decree stated in part:

> "This latest legislation clearly shows that the employee is no longer obliged to document a 'comparative change of condition.' * * * [B]ecause a recurrence of incapacity is a relative condition representing a deterioration from the condition that existed at the time that benefits were suspended, *proffered evidence,* if it is to be deemed competent evidence of recurring incapacity, *must demonstrate that the employee's condition at the time of the alleged recurrence was worse than the employee's condition at the time of the suspension decree.*" (Emphasis added.)

Clearly, this language would require an employee to document a comparative change of condition and therefore leads us to the inevitable conclusion that as a result of the evidence proffered by Veloso, the Appellate Division found that he had failed to prove a comparative change of condition and thus denied and dismissed his petition. Such a determination violates the mandate of § 28–33–20.1(b). We therefore remand this case to the Appellate Division of the Workers' Compensation Court with the direction to resolve the mixed question of fact and law in regard to whether the employee proved by a fair preponderance of the evidence that his disability returned and resulted in his incapacity to work commencing September 4, 1991, and continuing. In resolving these questions, the Appellate Division is obligated to obey the clear mandate of § 28–33–20.1(b) and must therefore not require the employee to introduce evidence of a comparative change of condition. Section 28–33–20.1(b) supersedes our prior case law that required such comparative evidence. Furthermore, we remand this case to the Appellate Division to reconsider Veloso's petition seeking payment of various unpaid medical bills that do not require proof of disability. Veloso need prove only that the treatment was made necessary by reason of the work-related injury and that the charges were reasonable. Section 28–33–5. Thereafter, either party aggrieved by the decision of the Appellate Division may file a petition for certiorari in this court.

For the reasons stated, the employee's petition for certiorari is granted, the decree of the Appellate Division is quashed, and we remand the papers to the Workers' Compensation Court with our decision endorsed thereon.