**Janice GRANT**

v.

**LEVITON MANUFACTURING CO. and Phoenix Home Care and Nursing.**

**No. 95–6–M.P.**

Supreme Court of Rhode Island.

April 18, 1997.

Daniel R. Sumner, Warwick, for Plaintiff.

Edward P. Sowa, Jr., Providence, Dennis R. Gannon, Warwick, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ.

## OPINION

BOURCIER, Justice.

In this petition for certiorari, we again address the question of an employee's burden of proof in a proceeding for workers' compensation benefits brought pursuant to G.L.1956 § 28–33–20.1 in which the employee alleges an increase in, or the return of, a previous compensated work injury disability. The petitioner is Janice Grant (Grant), and the respondents are her two former employers, Leviton Manufacturing Co. (Leviton) and Phoenix Home Care and Nursing (Phoenix). Her petitions against each former employer had been consolidated for hearing before the Workers' Compensation Court and are consolidated here in her petition for certiorari.

### I

The facts of this case disclose that Grant began work in 1971 for Leviton as an operator of a Bodine machine. Her work required the repetitive pushing of as many as 23,000 pieces of plastic into the machine during an eight-hour work day. In 1973 she began experiencing pain in her left arm, particularly in her elbow, and began receiving treatment for that arm condition from her physician, John Thayer, M.D. She eventually terminated her employment at Leviton in 1974 but then resumed work at Leviton in 1975 and continued there until 1988. Throughout that work period at Leviton she continued to receive treatment for the pain in her left arm and was diagnosed as suffering from lateral epicondylitis. Ultimately, in 1988 a decree was entered in the Workers' Compensation Court, finding that she had sustained a compensable disability that was related to her work at Leviton. She was awarded workers' compensation benefits for the closed period of August 4, 1988, through April 12, 1989.

Grant, however, remained out of work until 1991, at which time, she began employment at Phoenix. There she performed duties as a nurse's assistant, cleaning, preparing meals, and assisting with patient care, including lifting and moving elderly or disabled patients. In 1993, after experiencing extreme pain in her left arm, she left her employment at Phoenix. She then began receiving treatment from Ralph DiGiacomo, M.D., and Theodore Scarlatos, M.D., for her pain. Both doctors found that she was suffering from lateral epicondylitis.

In 1993 Grant filed a petition for compensation benefits against Phoenix, alleging that she had suffered a new injury or the aggravation of a pre-existing condition due to the lifting and moving of patients required in her work at Phoenix. She also filed a separate compensation petition against Leviton, alleging therein a recurrence of her original incapacity as of April 2, 1993, and continuing. A trial was conducted in the Workers' Compensation Court during which the trial judge ordered Grant to be examined by an independent medical examiner, Arnold–Peter Weiss, M.D.

The trial evidence suggested that Grant had suffered from continuous pain in her left arm since 1988 and that she was still experiencing that pain. The medical opinion testimony of Drs. Weiss and Scarlatos was admitted into evidence at the trial. Both doctors acknowledged that Grant was incapacitated at the time of the trial, and both placed restrictions on her employability that would preclude her from performing her usual duties at both Leviton and Phoenix. Furthermore, both medical doctors pointed to employee's work at Leviton as the source of her symptoms. In particular Dr. Weiss stated:

"In my opinion and to a reasonable degree of medical certainty encompassing the deposition and my physical examination, this patient does suffer from chronic left lateral epicondylitis, has been treated appropriately with conservative management, and that the cause of this injury is the work undertaken by the patient at Leviton Manufacturing."

At the conclusion of the trial, the trial judge found that Grant had failed to prove a new work-related injury or the aggravation of a pre-existing condition and denied her petition against Phoenix. He additionally denied Grant's petition against Leviton, finding that she had failed to prove a "worsening of her condition" since the 1988 decree and thus that she had failed to prove a recurrence under § 28–33–20.1(b). Despite the trial judge's recognition that under the 1990 § 28–33–20.1 amendment (P.L.1990, ch. 332, art. 4, § 2) to the workers' compensation laws, the employee's burden to prove a recurrence no longer required that showing by a change in objective medical evidence, he nonetheless concluded that the law required some medical evidence pointing to a worsening of Grant's previous work-related disability.

Grant appealed the trial judge's decision to the Workers' Compensation Court Appellate Division, which affirmed the trial judge's denial and dismissal of her petitions. A majority of the Appellate Division specifically found with respect to Grant's petition against Leviton that "neither doctor[s] [Weiss or Scarlatos] indicated a worsening of the employee's condition from the time the last decree had entered" and thus Grant had failed to prove any recurrence of her previous disability while at Leviton. One member of the Appellate Division dissented, concluding that § 28–33–20.1 did not require Grant to prove a comparative change or worsening from her previous compensated disability and that Grant had proven that she was presently disabled as the result of her employment injury at Leviton. All members of the Appellate Division, however, agreed that Grant's petition against Phoenix was properly denied and dismissed. Grant thereafter filed this petition for certiorari.

## II

We point out that we are only concerned here with Grant's petition against Leviton because Grant, through counsel, has waived her claims of error with respect to the denial of her petition against Phoenix. Grant conceded at oral argument before this Court that she could not prove that a new injury had occurred during her employment at

Phoenix and additionally that she was unable to prove an intervening cause from that employment at Phoenix that could serve to prove an aggravation of her pre-existing condition that originated during her employment at Leviton. *See DiMascio v. Crest Craft, Inc.,* 626 A.2d 221 (R.I.1993). We therefore need not address her claim of error as pertains to the denial of her petition against Phoenix.

The sole and remaining issue before us then is whether the Appellate Division erred as a matter of law in concluding that under § 28–33–20.1 Grant was required to prove a worsening of her earlier compensated work-related injury that she had previously sustained at Leviton, in order to prove a recurrence of her work incapacity. We conclude that the Appellate Division erred.

Grant contends that the § 28–33–20.1, 1990 amendment to the workers' compensation laws obviated her need to show a comparative change of condition and thus did not require her to prove a worsening of her previous condition. She contends that under the 1990 amendment all that is required is that she prove a return of her disability and that her disability is causally related to her previous compensated injury sustained at Leviton. Leviton, on the other hand, asserts that the law still requires medical evidence of some worsening or deterioration of Grant's previous condition in order for her to prove a recurrence under § 28–33–20.1

We begin by recognizing, as we did last term in *Reynolds v. Kenney Manufacturing Co.,* 673 A.2d 1092 (R.I.1996), that the General Assembly amended and revised our workers' compensation laws in 1990 and specifically altered the burden of proof required of an employee to prove a recurrence of disability. Under the former law, in order to prove a recurrence of disability, an employee had to "document the alleged change by presenting an expert witness who compares the employee's previous condition at the time when benefits were terminated with the employee's present condition and render an opinion that the incapacity has recurred." *Costello v. Narragansett Electric Co.,* 623 A.2d 441, 442 (R.I.1993) (construing pre–1990 law).

However, since 1990, following enactment of § 28–33–20.1, in order to prove a recurrence, subsection (b) in the statute provides that "the employee must document that the incapacity has increased or returned without the need for the employee to document a comparative change of condition." We made clear in *Reynolds* that the employee is no longer required to "introduce evidence of a *comparative change of condition.*" *Reynolds,* 673 A.2d at 1094.

In the case before us the Appellate Division stated that "[n]either doctor indicated a worsening of the employee's condition from the time the last decree had entered" and then went on to hold that "[t]he trial judge correctly recognized this failure and appropriately denied and dismissed the petition to review." We conclude that the dismissal constituted clear error of law. The word "worsening," by its very nature requires some sort of comparison. Accordingly, when the Appellate Division required Grant to show a worsening in her condition after the termination of her compensation benefits from Leviton, it was basically requiring Grant to produce evidence of a comparative change in her condition.

The confusion apparent in the Appellate Division's decision in discerning what § 28–33–20.1(b) requires may possibly stem from the language employed in that statute that seemingly requires an employee to "document that the incapacity has *increased or returned.*" (Emphasis added.) The word "increased" in particular might appear to suggest that the statute still contains some comparative element. When read in the context of the remaining portion of that subsection, however, most particularly the language "without the need for the employee to document a comparative change," *id.,* we think it clear that the General Assembly did not intend to require any comparative showing. All that is required is that the employee must prove that his or her incapacity has *returned* and the incapacity is by reason of the effects of the earlier work related injury. It is of no moment here that Grant has suffered the same level of pain from the time of the last decree until her trial. If medical evidence testimony is presented that per-

suades the trial judge that the employee is once again incapacitated and that the incapacity is causally related to the earlier compensated injury, the employee has met his or her burden.

Accordingly, the petition for certiorari is granted. The final decree of the Appellate Division of the Workers' Compensation Court is quashed, and we remand the papers in this case to the Workers' Compensation Court for further proceedings to determine if Grant has proven a return of incapacity after April 12, 1989, that is causally related to her work-related injury that she sustained while employed at Leviton.