Frank LaFAZIA

v.

**D. MORETTI SHEET METAL CO.**

**No. 95–88–M.P.**

Supreme Court of Rhode Island.

April 22, 1997.

Edward P. Sowa, Jr., Providence, for Plaintiff.

Christine A. D'Orsi and Earl E. Metcalf, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ.

## OPINION

FLANDERS, Justice.

When injured employees allege that they have suffered a recurrence of an incapacity

for work, what must they prove to obtain workers' compensation? This question arises in connection with our review of a decision of the Appellate Division of the Workers' Compensation Court (Appellate Division) on a writ of certiorari. The employee, Frank La-Fazia (LaFazia), claimed that his earlier incapacity for work had returned after he attempted to resume his employment. But a trial judge refused to reinstate his previously terminated workers' compensation payments, and the Appellate Division affirmed that decision. Both courts cited the absence of any evidence that LaFazia's condition had worsened following the termination of his compensation benefits and his resumption of employment. Because we conclude that the applicable standard of proof for this type of claim has been misapplied in this case, we quash the Appellate Division's decision and remand this matter to the Workers' Compensation Court for further proceedings consistent with our opinion.

## Background

At the time of his initial injury, LaFazia was employed at D. Moretti Sheet Metal Co. (Moretti) as a "lay out man." His job was to lift, carry, and cut sheets of metal-duct work. Each sheet weighed approximately forty to fifty pounds. LaFazia sustained a work-related injury to his lower back on November 27, 1990, when he slipped off a ladder and fell to the floor. He collected workers' compensation benefits until May 27, 1992, when the Workers' Compensation Court discontinued payments after finding that his incapacity for work had ended. Thereafter, LaFazia returned to work, allegedly reinjured himself on July 17, 1992, and claimed that his incapacity for work had returned. In an effort to reinstate his workers' compensation benefits, LaFazia filed a petition to review. A Workers' Compensation Court trial judge heard this petition and denied the relief sought. A divided Appellate Division affirmed. We then issued a writ of certiorari to determine what LaFazia had to prove to sustain his burden of establishing a recurrence of his incapacity to work and whether the trial judge and the Appellate Division correctly ruled that he failed to do so here.

## Analysis

■ General Laws 1956 § 28–33–20.1(b) provides:

"For all petitions filed as of September 1, 1990, to prove recurrence of incapacity to work, regardless of the date of injury, the employee must document that the incapacity has increased or returned without the need for the employee to document a comparative change of condition."

When employees allege that they have suffered a recurrence of their previous incapacity for work, § 28–33–20.1(b) relieves them of the burden of offering evidence documenting a comparative change in their condition between the date their initial incapacity was established (or, as here, the date the decree was entered suspending their benefits) and the date the incapacity allegedly recurred. *Veloso v. Scott Brass, Inc.,* 680 A.2d 941, 943 (R.I.1996); *Reynolds v. Kenney Manufacturing Co.,* 673 A.2d 1092, 1093 (R.I.1996). Nonetheless, employees must still satisfy their burden of proving that a prior incapacity for work has returned.

■ With this statutory language as our polestar, we conclude that the Appellate Division's decision (which, in pertinent part, parallels the trial judge's reasoning) is contrary to the mandate of § 28–33–20.1(b) in that it required LaFazia to prove that his condition had worsened since the date of the decree terminating his benefits, thereby compelling him to prove a comparative change in his condition. *See Grant v. Leviton Manufacturing Co.,* 692 A.2d 685 (R.I., 1997) (holding that it was error to require the employee to show a worsening of her condition after her compensation benefits had been terminated).

Three physicians offered their medical opinions at the trial and their testimony conflicted in various material respects. Joseph Izzi, M.D., was the first to examine LaFazia following his November 1990 injury. After conducting a physical examination, Dr. Izzi concluded that LaFazia suffered from cervical spine, left shoulder, and lumbosacral spine sprains. According to Dr. Izzi's medical opinion, LaFazia was totally and completely disabled as a result of his initial work-related injury. On May 19, 1992, Dr. Izzi

saw LaFazia for the second time. The doctor found no change in LaFazia's condition, but he believed that LaFazia could return to work if he could avoid bending and heavy lifting. LaFazia resumed employment with Moretti on June 1, 1992, and continued to work until July 17, 1992, when he claimed he reinjured himself. Doctor Izzi examined LaFazia on July 17, and his findings with respect to LaFazia's condition on that date were "similar in nature" to the findings on May 19, 1992, "but * * * more severe." The doctor again concluded that LaFazia was totally disabled. A subsequent examination on November 19, 1992, yielded the same results, and Dr. Izzi opined that LaFazia's condition in 1992 was directly related to and caused by his original November 27, 1990 injury.

LaFazia then introduced the deposition testimony of William Golini, M.D., who first examined LaFazia in April 1991. He performed an electromyography (EMG) and a nerve-conduction study together with a physical examination. The EMG and the nerve-conduction study were abnormal, demonstrating a bilateral acute S1 radioculopathy more pronounced on the left side. Doctor Golini next examined LaFazia on March 4, 1993, conducting a second EMG and nerve-conduction study. The EMG continued to indicate a bilateral acute S1 radioculopathy more pronounced on the left side, but the nerve-conduction study was normal. Two subsequent examinations on April 6, 1993, and June 29, 1993, produced no change in LaFazia's condition. Doctor Golini testified that a nexus existed between LaFazia's condition in 1993 and his original November 27, 1990 injury.

Finally, Moretti introduced the results of two examinations conducted by Mehdat Motamed, M.D. After examining LaFazia on March 30, 1992, Dr. Motamed concluded that LaFazia had sustained a sprain of the shoulder and the back, both of which appeared to him to have been resolved. Doctor Motamed further believed that LaFazia could return to his regular employment with no significant threat to his health. On November 16, 1992, following a second examination, Dr. Motamed rendered the same opinions.

After summarizing the facts, the trial judge framed the issue in the present case as follows:

"* * * whether or not the employee has shown a *change in his condition, a worsening when comparing the last examination on or about the time of the entry of the pretrial order discontinuing benefits to the examination subsequent thereto.*" (Emphasis added.)

The trial judge determined that the conclusions of Dr. Izzi on July 17, 1992, were not supported by specific findings. In particular, the trial judge focused on Dr. Izzi's answer to an inquiry made during his deposition. When asked to compare the results of the May 19, 1992 examination and the July 17, 1992 examination, Dr. Izzi replied, "I believe they were similar in nature, but it appeared to be more severe." The court then cited the following language from our decision in *Faria v. Carol Cable Co.*, 527 A.2d 641, 644 (R.I.1987):

"Just this term, we have stated that the rule requiring opinion evidence to be in itself sufficiently comparative so as to document the alleged change in the employee's condition is grounded on the general principle that an expert witness may not testify to a conclusion without laying an adequate foundation for that conclusion. * * * An expert who renders an opinion that the employee's incapacity has recurred must demonstrate that the opinion rests upon medical findings different from those supporting the suspension decree."

The trial judge concluded that Dr. Izzi's answer fell short of this standard. The court also determined that Dr. Izzi had "vacillated" in his deposition stating that LaFazia's complaints on July 17, 1992, were essentially the same as those on May 19, 1992. Therefore, the court denied LaFazia's petition. However, our decision in *Faria* is no longer controlling because § 28–33–20.1(b) was amended in 1990 to eliminate *Faria*'s requirement that the employee document a comparative change in his own condition. *See Grant*, 692 A.2d at 687–688.

Similarly, the Appellate Division apparently required LaFazia to demonstrate a worsening in his condition from that which existed when his benefits ended—despite acknowledging that § 28–33–20.1(b) eliminated the need for an employee to introduce such comparative evidence. The Appellate Division stated that LaFazia must introduce evidence showing that his "condition at the time of the alleged recurrence was *worse* than [his] condition at the time of the suspension decree." The Appellate Division then affirmed the findings and the decision of the trial court.

■ We believe that the standard of proof applied by the trial judge and the Appellate Division to an employee's attempt to establish a recurrence of work incapacity was erroneous in light of the statutory language set forth in § 28–33–20.1(b). This statute requires the employee to document that his incapacity for work has "increased or returned," but the employee is not required "to document a comparative change of condition." Although the statute's use of the word "increase" "might appear to suggest that the statute still contains some comparative element," we rejected this interpretation in *Grant,* 692 A.2d at 687, where the employee claimed the return of a previous incapacity. We also note that the statute is cast in the disjunctive, allowing the employee to establish *either* an increase or a return of a prior incapacity. Therefore, in a situation like the one before us in which an employee has alleged a return of incapacity, "[a]ll that is required is that the employee must prove that his or her incapacity has *returned* and the incapacity is by reason of the effects of the earlier work related injury." *Id.*

Thus, based on this statutory wording, the elements of proving a recurrence of incapacity claim based on a "return" of a prior incapacity are as follows:

■ 1. *The employee must establish a relationship or a "nexus" between his or her previous incapacity and the alleged recurrence.* For the incapacity to "recur," it must arise out of or otherwise bear some relation to a previous incapacity, though the incapacities need not be identical. For example, a reinjury to an arm might cause a recurrence of the same type of work incapacity as the employee previously experienced. In other words, the present incapacity must be a later manifestation of an earlier incapacity and must be the same as or of a type substantially similar to the previous one, even though the causes for and the severity of the incapacities may be different.

■ 2. *The employee need not document a comparative change of condition.* If the employee seeks to establish a "return" of a former incapacity, all that must be shown *prima facie* is that the present incapacity represents a return of an incapacity that is the same as or substantially similar to that which the worker formerly experienced. There need be no evidence offered that the present incapacity is worse or better than, or is the same as the previous incapacity, nor need there be any comparative evidence offered concerning the worker's condition at the time the compensation benefits ceased and when the incapacity allegedly recurred. We also observe that an incapacity for work can "return" without any reference whatsoever to the comparative intensity or scope of the incapacity as it previously existed. Similarly, an employee can prove a recurrence of incapacity without any reference whatsoever to his or her physical condition on the date the previous incapacity was adjudged to have ended.

■ However, to prove that there has been no recurrence of a previously terminated incapacity, or that the incapacities are different, the employer may introduce comparative evidence. The trial judge's task is then to evaluate all the evidence offered, make credibility determinations, and in the end decide whether the employee has carried his or her burden of proving a recurrence of the previous work incapacity by a fair preponderance of the credible evidence.

## Conclusion

Accordingly we grant the petition for certiorari, quash the Appellate Division's decision, and remand this case to the Workers' Compensation Court so that further proceed-

ings may be held that are consistent with this decision and so that a new decree may be entered after the evidence is considered in this light. On remand, the parties may (but need not) reopen the case to introduce additional relevant evidence.